UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH ADAIR DAVIS,

        Plaintiff,

   v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

CASE NO. 3:16-CV-05129-BHS-DWC

ORDER TO PROVIDE ADDRESSES

     Plaintiff Keith Adair Davis, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. On July 11, 2016, the Court directed service of Plaintiff's Amended Complaint on the named Defendants. Dkt. 13. The Clerk's Office mailed the Complaint and waiver of service forms to each Defendant. However, the mailings sent to Defendants ADA Coordinator, Dale Robertson, D MacWilliam, and John Doe, Secretary were returned to the Court as "undeliverable." Dkt. 14-17. Plaintiff also named Jane Does 1-10 and John Does 1-15 as defendants in this case, but failed to provide any identification of the Doe Defendants which would allow the Court to effect service. *See* Dkt. 11.

ORDER TO PROVIDE ADDRESSES - 1

While the Court has the duty to serve the summons and complaint, *see* 28 U.S.C. § 1915(d), an IFP plaintiff still bears the burden of providing accurate and sufficient information to effect service. *See Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994); *see also* Fed. R. Civ. P. 4. When an IFP plaintiff fails to provide the Court with accurate and sufficient information to effect service of the summons and complaint, it is appropriate for the Court to *sua sponte* dismiss the unserved defendant. *Walker*, 14 F.3d at 1421-22 (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)).

Plaintiff is directed to provide the complete names and addresses for Defendants ADA Coordinator, Dale Robertson, D. MacWilliam, John Doe, Secretary, Jane Does 1-10, and John Does 1-15. If Plaintiff is unable to provide the Court with the names and addresses of these Defendants by October 3, 2016, the Court will recommend dismissal of these Defendants from this action for failure to prosecute.[1]

Dated this 1st day of September, 2016.

David W. Christel
United States Magistrate Judge

---

[1] The Court notes Defendant Dean Mason failed to file a waiver of service. Defendant Mason, however, filed an Answer and did not raise insufficient service as an affirmative defense. *See* Dkt. 43. Therefore, the Court will not direct personal service on Defendant Mason, but requests Defendant Mason or his counsel file a waiver of service to perfect the record.