1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10   KEITH ADAIR DAVIS,

11                  Plaintiff,                CASE NO. 3:16-CV-05129-BHS-DWC

12        v.                                  REPORT AND RECOMMENDATION

13   WASHINGTON STATE                         Noting Date: November 11, 2016
     DEPARTMENT OF CORRECTIONS,
14   et al.,

15                  Defendants.

16        The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate

17   Judge David W. Christel. Plaintiff Keith Adair Davis, proceeding *pro se* and *in forma pauperis*

18   ("IFP"), initiated this action on February 19, 2016. *See* Dkt. 1.

19                              **BACKGROUND**

20        On July 11, 2016, the Court directed service of Plaintiff's Amended Complaint on the

21   named Defendants. Dkt. 13. The Clerk's Office mailed the Amended Complaint and waiver of

22   service forms to each Defendant. However, the mailings sent to Defendant D. MacWilliam and

23   Dale Robertson were returned to the Court as undeliverable. Dkt. 16, 17.

24

On September 1, 2016, Plaintiff was directed to provide the complete address for Defendants MacWilliam and Robertson by October 3, 2016 so the Court could again attempt service by mail. Dkt. 45. The Court also directed Plaintiff to provide the names and addresses for Jane Does 1-10 and John Does 1-15. *Id*. The Court notified Plaintiff failure to provide the names and addresses for Defendants MacWilliam, Robertson, Jane Does 1-10, and John Does 1-15 would result in the Court recommending dismissal of these Defendants from this action for failure to prosecute. *Id.*

**DISCUSSION**

Plaintiff has the general duty to prosecute his case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Further, a court cannot exercise jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R .Civ. P. 4"). Thus, when an IFP plaintiff fails to provide the Court with accurate and sufficient information to effect service of the summons and complaint, it is appropriate for the Court to *sua sponte* dismiss the unserved defendant. *Walker*, 14 F.3d at 1421-22 (*quoting Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)).

Plaintiff has not provided the Court with service addresses for Defendants MacWilliam, Robertson, Jane Does 1-10 or John Does 1-15. Plaintiff states he does not have the necessary resources to locate the addresses for these Defendants because he is currently housed in a county jail. Dkt. 47. Plaintiff has not explained why his incarceration in a county jail has impeded his

ability to discover the names and addresses of the unserved Defendants. *See id*. Without the correct addresses for Defendants MacWilliam, Robertson, Jane Does 1-10, and John Does 1-15 this Court cannot perfect service. Accordingly, the Court recommends Defendants MacWilliam, Robertson, Jane Does 1-10, and John Does 1-15 be dismissed without prejudice from this action for Plaintiff's failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on November 11, 2016, as noted in the caption.

Dated this 24th day of October, 2016.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3