UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH ADAIR DAVIS,

          Plaintiff,

    v.

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,
et al.,

          Defendants.

CASE NO. 3:16-CV-05129-BHS-DWC

ORDER DENYING MOTION TO APPOINT COUNSEL

    The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff Keith Adair Davis's Motion and Declaration for Appointment of Counsel ("Motion"). Dkt. 55.[1] No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However,

---

[1] Also pending in this action is Defendants' Motion for Summary Judgment, which is ready for the Court's consideration on December 30, 2016. Dkt. 59.

in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motion, he states appointed counsel is necessary because his incarceration greatly limits his ability to litigate this case. Dkt. 55. He states the issues in his case are complex, he has limited access to the courts and limited knowledge of the law, and he is in administrative segregation with limited access to case law. *Id.* Further, Plaintiff suffers from multiple sclerosis, which makes it difficult for him to draft his Court filings. *Id*. Plaintiff states counsel will better enable Plaintiff to present and cross-examine witnesses. *Id*.

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court or shown he is likely to succeed on the merits of his case. The Court notes Plaintiff has adequately articulated his claims in the Amended Complaint, and has filed several additional motions and responses which were understandable to the Court. *See e.g.* Dkt. 8, 11, 40, 54. Further, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment

of counsel. Rather, they are the type of difficulties encountered by many pro se litigants."
*Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). Accordingly, Plaintiff's Motion is denied without prejudice.

Dated this 5th day of December, 2016.

David W. Christel
United States Magistrate Judge