UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH ADAIR DAVIS,

        Plaintiff,

   v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS et al.,

        Defendants.

CASE NO. 3:16-CV-05129-BHS-DWC

ORDER DENYING MOTION TO CONSOLIDATE

The District Court has referred this action, filed pursuant to 42 U.S.C. §1983, to United States Magistrate Judge David W. Christel. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983.

Plaintiff has filed a Motion titled "Motion to Merge Linked Complaints." Dkt. 79. The Court construes this as a Motion to Consolidate ("Motion") pursuant to Federal Rule of Civil Procedure 42. *Id.* Defendants filed a Response. Dkt. 80.

The Court denies Plaintiff's Motion as the two cases involve different facts and defendants.

ORDER DENYING MOTION TO CONSOLIDATE
- 1

## DISCUSSION

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Under Rule 42, the Court has "broad discretion" to consolidate cases pending in the same district either upon motion by a party or *sua sponte. In re Adams Apple., Inc.* 829 F.2d 1484, 1487 (9th Cir. 1987). In exercising this discretion, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984).

Plaintiff is proceeding *pro se* and *in forma pauperis* in two separate civil actions, both filed pursuant to 42 U.S.C. § 1983 and alleging violations of his civil rights. *Davis v. Washington Department of Corrections,* Case No. 3:16-cv-05129-BHS-DWC ("*Davis I*"); *Davis v. Hayes, et al.*, Western District of Washington Case 2:16-cv-01709-RSM, ("*Davis II*"). The instant action, *Davis I*, was filed on February 19, 2016. *Davis I* at Dkt. 1. Plaintiff is challenging his conditions of confinement while housed at Washington Corrections Center. *Id.* at Dkt. 11. Plaintiff alleges Defendants, all Department of Corrections employees, violated his rights under the First Amendment, Eighth Amendment, Fourteenth Amendment and Americans with Disabilities Act ("ADA"). *Id.* On September 1, 2016, the Court issued a Pretrial Scheduling Order, ordering discovery be completed by March 1, 2017 and dispositive motions due by March 31, 2017. *Id.* at Dkt. 44. On November 30, 2016, Defendants filed their Motion for Summary Judgment, *id.* at Dkt. 59, which was re-noted for March 3, 2017 after granting Plaintiff's Motion for Extension, *id.* at Dkt. 74; Dkt. 77.

1    Plaintiff filed his second action, *Davis II*, on November 3, 2016. *Davis II* at Dkt. 1. The

2 Court has not ordered service of Plaintiff's complaint in *Davis II*. *Id.* at Dkt. 7 (Order Declining

3 Service and Granting Leave to Amend); Dkt. 10. In *Davis II,* Plaintiff is challenging his

4 conditions of confinement while housed at King County Jail. *Id.* at Dkt. 6; Dkt. 7.  Plaintiff

5 purports to sue 47 employees of the King County Jail, Department of Adult and Juvenile

6 Detention, alleging the defendants violated his rights under the First Amendment, Eighth

7 Amendment, Fourteenth Amendment and ADA. *Id.*

8    Based on the Court's examination of these two actions, Plaintiff's Motion is denied.

9 While the two cases require application of similar laws, they do not involve the same set of facts

10 or the same parties. Moreover, *Davis II* is at a different procedural posture and the Court is

11 awaiting the filing of an amended complaint. Consolidation of the cases would cause prejudice

12 since a scheduling order regulating discovery and further proceedings has already issued in

13 *Davis I* and Defendants' Motion for Summary Judgment is pending.[1]

14    Dated this 24th day of January, 2017.

David W. Christel
United States Magistrate Judge

---

[1] Defendants' Motion for Summary Judgment is ready for the Court's review on March 3, 2017. *Davis I* at Dkt. 59; Dkt. 77.